**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| PHYLLIS A. HUSTER, | ) | Civil Action No. 1:13-cv-6143 |
| | ) | |
| Plaintiff, | ) | |
| | ) | Judge Joan Humphrey Lefkow |
| v. | ) | |
| | ) | |
| J2 GLOBAL COMMUNICATION, INC., | ) | Magistrate Judge Gilbert |
| ADVANCED MESSAGING TECHNOLOGIES, INC., | ) | |
| UNIFIED MESSAGING SOLUTIONS, LLC, | ) | |
| ACACIA PATENT ACQUISITION LLC, AND | ) | |
| CHARLES R. BOBO II, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF CHARLES R. BOBO II'S MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P 12(B)(2) FOR LACK OF PERSONAL JURISDICTION**

# TABLE OF CONTENTS

I.  INTRODUCTION ................................................................................................ 1

II. BACKGROUND ................................................................................................. 2

III. APPLICABLE LAW ........................................................................................... 3

IV. ARGUMENT ....................................................................................................... 6

    A.  The Summons Was Served on Mr. Bobo In Georgia. ...................................... 6

    B.  Mr. Bobo Has Never Been Domiciled In or a Resident of Illinois. .................. 7

    C.  There Is No Other Basis To Establish General Or Specific Personal Jurisdiction Over Mr. Bobo In This Action. ....................................................................... 7

        1.  Plaintiff Failed to Meet Her Burden of Establishing Personal Jurisdiction. .................... 7

        2.  The Court Does Not Have General Jurisdiction Over Mr. Bobo. .................................. 8

        3.  The Court Does Not Have Specific Jurisdiction Over Mr. Bobo. ................................. 9

V.  CONCLUSION .................................................................................................. 12

# TABLE OF AUTHORITIES

**Cases**

*Akro Corp. v. Luker*,
   45 F.3d 1541 (Fed. Cir. 1995) .............................................................................. 5, 6, 9

*Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*,
   230 F.3d 934 (7th Cir. 2000) ....................................................................................... 3

*Graphic Controls Corp. v. Utah Medical Products, Inc.*,
   149 F.3d 1382 (Fed. Cir. 1998) ................................................................................... 5

*Gummow v. Cole*,
   Case No. 02-cv-1321, 2002 U.S. Dist. LEXIS 8271 (N.D. Ill. May 9, 2002) .................. 4, 6, 11

*Helicopteros Nacionales del Colombia v. Hall*,
   466 U.S. 408 (1984) ..................................................................................................... 6

*International Shoe v. Washington*,
   326 U.S. 310 (1945) .................................................................................................. 5, 6

*Merrill Lynch Bus. Fin. Servs., Inc. v. Marais*,
   Case No. 94-cv-3316, 1995 U.S. Dist. LEXIS 15106 (N.D. Ill. Oct. 12, 1995) .......... 4

*Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assoc. of Houston Metroplex, P.A.*,
   623 F.3d 440 (7th Cir. 2010) ....................................................................................... 4

*Purdue Research Found. v. Sanofi-Synthelabo, S.A* ,
   338 F.3d 773 (7th Cir. 2003) ....................................................................................... 9

*RAR, Inc. v. Turner Diesel, Ltd.*,
   107 F.3d 1272 (7th Cir. 1997) ................................................................................. 6, 8

*Tamburo v. Dworkin*,
   601 F.3d 693 (7th Cir. 2010) ....................................................................................... 5

*Turnock  v. Cope*,
   816 F.2d 332 (7th Cir. 1987) ....................................................................................... 4

*uBid, Inc. v. GoDaddy Grp., Inc.*,
   623 F.3d 421 (7th Cir. 2010) .................................................................................... 5, 6

**Statutes**

35 U.S.C. § 256 ................................................................................................................ 1, 11

735 Ill. Comp. Stat. 5/2-209 ........................................................................................ passim

**Rules**

Fed. R. Civ. P. 4(k)(1) .......................................................................................................... 4, 6

Fed.R.Civ.P. 12(b)(2) ............................................................................................................. 3

Defendant, Charles R. Bobo II ("Bobo") respectfully submits this Memorandum in support of Bobo's Motion to Dismiss Plaintiff Phyllis Huster's Complaint pursuant to FED.R.CIV.P. 12(b)(2) on the ground that the Court lacks personal jurisdiction over Mr. Bobo. Mr. Bobo also respectfully and separately joins in Defendants' Memorandum in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(3) and 12(b)(6) and To Strike Request for Damages Under Fed. R. Civ. P. 12(f), filed concurrently herewith.

## I.  INTRODUCTION

Plaintiff Phyllis Huster alleges that she invented a fax-to-email system in 1994 while working as a consultant for Defendant Charles R. Bobo II.  Bobo later obtained several patents, each of which named him as the sole inventor.  Huster now seeks an order naming her as the inventor or co-inventor of those patents under 35 U.S.C. § 256.

Plaintiff's claims against Mr. Bobo should be dismissed for lack of personal jurisdiction for several reasons.  The summons was served on Mr. Bobo in Georgia—not in Illinois.  Plaintiff has not alleged any facts, much less sufficient facts to establish, if true, that the Court has personal jurisdiction over Mr. Bobo.  Nor could Plaintiff ever do so because, as established by Mr. Bobo's sworn Declaration submitted herewith, he has never had any relevant jurisdictional contacts with the state of Illinois or this District.  Mr. Bobo has lived in Georgia his entire adult life, and he has never been employed outside of Georgia.  Indeed, other than a handful of personal trips to Illinois (the last one being in August 2001) Mr. Bobo has had no contact whatsoever with Illinois.  Mr. Bobo's sporadic personal contacts with Illinois are insufficient as a matter of law to establish the Court's general jurisdiction over him.

The Court also lacks specific personal jurisdiction over Mr. Bobo because none of the events giving rise to Plaintiff's alleged cause of action has any connection to Illinois or to this District.  Both Huster and Bobo lived in Georgia when she allegedly conceived of the patented

invention, she and Bobo met with a patent attorney in Georgia, and Bobo ultimately obtained the patents while still living in Georgia.

Accordingly, because the Court lacks personal jurisdiction (both general and specific) over him, Mr. Bobo respectfully requests that the Court dismiss Plaintiff's Complaint against him[1].

## II. BACKGROUND

Huster seeks an order naming her the inventor or co-inventor of nine U.S. Patents, Nos. 5,675,507 ( "'507"), 5,870,549 ("'549"), 6,350,066 ("'066"), 6,564,321 ("'321"), 6,857,074 ("'074"), 7,895,306 ("'306"), 7,836,141 ("'141"), 7,895,313 ("'313"), and 7,934,148 ("'148") (collectively the "Patents-in-Suit"). (Dkt No. 1, ¶¶ 1, 2.) The Patents-in-Suit are part of a single family; Bobo is named as the sole inventor of each. (*Id*. at ¶ 6.) Broadly speaking, the patents relate to messaging technologies, including technology that allows users to access received faxes using a Web browser, which Huster refers to as a "fax-to-email system." (*Id*. ¶ 14.)

Huster alleges that she conceived of all or part of the inventions embodied in the Patents-in-Suit in 1994.[2] (Dkt. No. 1, ¶¶ 10, 22.) Huster alleges that she first developed the idea of transmitting and storing faxes digitally while working as a consultant in Atlanta, Georgia. (*Id*. ¶ 10.) In 1994, while still living in Georgia, Huster allegedly built a prototype that permitted a user to receive, store and distribute voicemail and faxes using an Internet browser. (*Id*.)

---

[1] In addition to Bobo, Huster's Complaint names as defendants j2, AMT, UMS and Acacia. j2 acquired the Patents-in-Suit from a company owned by Bobo in 2004 and subsequently assigned them to AMT, a subsidiary of j2. (Dkt. No. 1 (Compl.), ¶¶ 5, 17.) We understand that UMS is the exclusive licensee of certain of the Patents-in-Suit with respect to certain entities, and that Acacia is the parent of UMS.

[2] Mr. Bobo's refers to Huster's allegations pursuant to the standard on a Rule 12 motion. This in no way constitutes an admission that the allegations are accurate and Mr. Bobo reserves his right to dispute allegations in the Complaint.

During this time, Bobo also lived in Georgia, where he continues to reside today. (Dkt. No. 1, ¶ 6; Bobo Decl.³, ¶ 2.) In 1994, Bobo allegedly hired Huster as a consultant for NetOffice, Inc. and Huster received stock in NetOffice, Inc. (Dkt. No. 1, ¶ 11.) In connection with her work for NetOffice, Inc., Huster claims that Bobo adopted her concept of using TIFF viewers in browser windows to receive and view faxes and that he wrote code "at [her] direction." (*Id*. ¶¶ 12, 13.)

Huster alleges that, around the beginning of 1995, she and Bobo discussed patenting the fax-to-email system that she claims to have invented. (Dkt. No. 1, ¶ 14.) Huster allegedly created sketches of the system in preparation for patenting the idea. (*Id*.) She then sought and received a recommendation for a law firm and provided her prototype sketches to the law firm. (*Id*.) On January 4, 1995, Huster attended a meeting at the firm's offices in Georgia. (*Id*.) During this meeting, Huster claims that she and Bobo agreed that they would be named as co-inventors of the fax to e-mail system. (*Id*.)

Sometime after discussing the patent application with Bobo and the attorney, Huster moved to Seattle. (Dkt. No. 1, ¶ 15.) There is no allegation of any further communication between Huster and Bobo. There is no allegation that any of the events relating to their brief association or her present claims have any connection whatsoever with Illinois.

### III.   APPLICABLE LAW

Pursuant to FED.R.CIV.P. 12(b)(2) of the Federal Rules of Civil Procedure, a court can dismiss a suit for "lack of jurisdiction over the person." FED.R.CIV.P. 12(b)(2). It is Plaintiff's burden to establish personal jurisdiction. *Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp*., 230 F.3d 934, 939 (7th Cir. 2000). In deciding a motion

---

³   The Declaration of Charles R. Bobo II In Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. R. 12(b)(2) is filed concurrently herewith.

to dismiss for lack of personal jurisdiction, the Court must take as true any undisputed jurisdictional allegations asserted by the plaintiff in the complaint, and may also consider any affidavits submitted by the movant contesting those allegations. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).  The Complaint in this action contains no allegations which, even if taken as true, would support even a *prima facie* showing that Mr. Bobo is subject to being sued by Ms. Huster in this District.  Moreover, Mr. Bobo's supporting Declaration conclusively establishes that Ms. Huster could never satisfy her burden.

Where a case involves a "federal question," the Court "has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant."  *See Mobile Anesthesiologists Chicago, LLC v. Anesthesia Assoc. of Houston Metroplex, P.A*., 623 F.3d 440, 443 (7th Cir. 2010); *see also Merrill Lynch Bus. Fin. Servs., Inc. v. Marais*, Case No. 94-cv-3316, 1995 U.S. Dist. LEXIS 15106, at *8-9 (N.D. Ill. Oct. 12, 1995) ("Though personal jurisdiction and service of process are distinguishable, they are closely related since service of process is the vehicle by which the court may obtain jurisdiction.") (internal quotations omitted).

Federal Rule of Civil Procedure 4(k)(1) provides that service can establish jurisdiction over a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located" or "when authorized by a statute of the United States."  Fed. R. Civ. P. 4(k)(1)(A) and (C).  Because the patent amendment and correction statute, *i.e*., 35 U.S.C. § 251 *et seq*., does not permit nationwide service, the Court must determine whether jurisdiction is proper under both Illinois law and the United States Constitution.  *See Gummow v. Cole*, Case No. 02-cv-1321, 2002 U.S. Dist. LEXIS 8271, at **4-5 (N.D. Ill. May 9, 2002), FED.R.CIV.P. 4(k)(1)(A) & (C); 735 Ill. Comp. Stat. 5/2-209(d) (The

4

Illinois long-arm statute provides that "[s]ervice of process upon any person who is subject to the jurisdiction of the courts of this State . . . may be made by personally serving the summons upon the defendant outside this State.").

Under the Illinois long-arm statute, personal jurisdiction can be general or specific. *uBid, Inc. v. GoDaddy Grp., Inc.*, 623 F.3d 421, 425 (7th Cir. 2010). The statute permits specific jurisdiction over an individual defendant for causes of action arising from the doing of specifically enumerated acts within this State, including the transaction of business or the commission of a tort within this State. 735 Ill. Comp. Stat. 5/2-209(a)(1) to (a)(14). Illinois law also permits general jurisdiction over a person who is present within this State when served; is domiciled or resident in Illinois when the cause of action arose, the action was commenced or process was served; or is doing business within Illinois. 735 Ill. Comp. Stat. 5/2-209(b)(1), (b)(2) and (b)(4). Illinois further allows for personal jurisdiction to the extent authorized by the due process clause of the Fourteenth Amendment. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010); 735 Ill. Comp. Stat. 5/2-209(c).

In patent cases, such as this case, Federal Circuit law determines whether federal due process is satisfied. *Graphic Controls Corp. v. Utah Medical Products, Inc.*, 149 F.3d 1382, 1385 (Fed. Cir. 1998); *Gummow*, 2002 U.S. Dist. LEXIS 8271, at *6. The Court may also look to relevant Illinois state and federal law in interpreting the meaning of the Illinois long-arm statute. *Id*. The Federal Circuit applies the minimum contacts standard as set forth in *International Shoe v. Washington*, 326 U.S. 310 (1945), and related cases, to issues relating to personal jurisdiction in federal question cases. *Akro Corp. v. Luker*, 45 F.3d 1541, 1545 (Fed. Cir. 1995). Thus, for the Court to have personal jurisdiction over Mr. Bobo in this case, federal due process requires that Mr. Bobo have "certain minimum contacts with [Illinois] such that the

maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe*, 326 U.S. at 316.

General jurisdiction is a demanding standard and refers to suits "neither arising out of nor related to the defendant's contacts, and it is permitted only where the defendant has 'continuous and systematic general business contacts' with the forum." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1277 (7th Cir. 1997). The defendant's contacts must also be such that the defendant can reasonably foresee being haled into Illinois court for any matter. *uBid,* 623 F.3d at, 426. In other words, the defendant's continuous and systematic general business contacts must be so pervasive as to justify the exercise of jurisdiction over the person in all matters. *Helicopteros Nacionales del Colombia v. Hall*, 466 U.S. 408, 414 (1984).

Where a court lacks general jurisdiction, it may assert specific jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales*, 466 U.S. at 414 n. 8. To determine whether specific jurisdiction exists, the Court must decide: (1) whether Mr. Bobo has "purposefully directed" his activities toward Illinois residents; (2) whether Plaintiff's claim "arises out of or relates to" Mr. Bobo's activities within Illinois; and (3) whether, by traditional standards, the contacts would make personal jurisdiction reasonable and fair under the circumstances. *Akro*, 45 F.3d at 1549; *Gummow*, 2002 U.S. Dist. LEXIS 8271, at **8-9.

## IV. ARGUMENT

### A. The Summons Was Served on Mr. Bobo In Georgia.

Mr. Bobo was served with the summons on September 30, 2013 at his home address: 569 Elmwood Dr. NE, Atlanta, Georgia. (Dkt. No. 23.) Because service occurred outside of the Court's jurisdiction, service alone did not confer the Court's personal jurisdiction over Mr. Bobo. *See* Fed. R. Civ. P. 4(k)(1); 735 Ill. Comp. Stat. 5/2-209(b) (1).

6

**B.     Mr. Bobo Has Never Been Domiciled In or a Resident of Illinois.**

Mr. Bobo is not now, and has never been, domiciled in or a resident of Illinois. (Bobo Decl., ¶¶ 2, 3.) The Complaint does not allege otherwise. Accordingly, this potential ground for personal jurisdiction also fails. 735 Ill. Comp. Stat. 5/2-209(b) (2).

**C.     There Is No Other Basis To Establish General Or Specific Personal Jurisdiction Over Mr. Bobo In This Action.**

Plaintiff has not pled, and could never establish, any other basis for subjecting Mr. Bobo to the jurisdiction of this Court for the cause of action alleged.

        1.     <u>Plaintiff Failed to Meet Her Burden of Establishing Personal Jurisdiction.</u>

Plaintiff not only failed to meet her burden of establishing that personal jurisdiction over Mr. Bobo, she completely ignored it. Plaintiff never alleges that the Court possesses general or specific personal jurisdiction over Mr. Bobo. Indeed, the only mention of "Illinois" is found in the case caption of the Complaint. The allegations of the Complaint cut directly against any argument that Mr. Bobo could be sued here. The Complaint correctly states Mr. Bobo's home address in Atlanta, Georgia. (Dkt. No. 1, at ¶ 6; Bobo Decl. at ¶ 3.) This fact refutes rather than supports the Court's personal jurisdiction of Mr. Bobo. The Complaint further makes clear that the events or omissions giving rise to Huster's claim occurred entirely in Georgia, and have no connection to any business activities or actions of Mr. Bobo in Illinois. Huster alleges that, while living in Georgia, she invented (or co-invented) a fax to email system. (Dkt. No. 1, ¶¶ 10-13.) She further alleges that she and Bobo consulted an attorney about patenting the invention in Georgia, but that the attorney ultimately filed an application naming only Bobo as the inventor. (Dkt. No. 1, ¶¶ 14-15.) Thus, the Complaint establishes that Huster's inventorship claim arises out of events that occurred solely in Georgia, and that nothing related to the invention of the Patents-in-Suit occurred in Illinois.

Beyond Plaintiff's failure to meet her burden, the Court should dismiss Plaintiff's complaint against Mr. Bobo because the record evidence establishes that the Court lacks both general and specific jurisdiction over him.

### 2.     The Court Does Not Have General Jurisdiction Over Mr. Bobo.

For the Court to have general jurisdiction over Mr. Bobo, such that he may be haled before the Court for any matter (including Plaintiff's correction of inventorship claim), Mr. Bobo must have had "continuous and systematic general business contacts" with Illinois such that he could have reasonably foreseen having to defend against any suit before the Court. *RAR, Inc.*, 107 F.3d at 1277; *see also* 735 Ill. Comp. Stat. 5/2-209(b)(4).  But as the Bobo Declaration makes clear, his only contacts with Illinois are distant, infrequent, and personal in nature such that a person in his shoes would never contemplate having to defend himself on any matter before an Illinois Court.

Mr. Bobo currently lives in Atlanta, Georgia and has lived in that area for over 30 years. (Bobo Decl. at ¶ 2.) He has never resided in Illinois. (*Id*.) He has been a registered Georgia voter for about 26 years. (*Id*. at ¶ 6.) He has had a Georgia driver's license and filed and/or paid Georgia state income taxes for 28 years. (*Id*. at ¶¶ 7-8.) Mr. Bobo has never paid any Illinois state income taxes. (*Id*. at ¶ 8.) He does not own any property, accounts or other assets in Illinois. (*Id*. at ¶ 9.) Every place of employment, since he first began working in 1990, has been located in the Atlanta, Georgia area. (*Id*. at ¶ 10.) Mr. Bobo has set foot in Illinois only a handful of times and always for personal/pleasure reasons. (*Id*. at ¶ 5.) His last trip to Illinois was for four days in August of 2001. (*Id*.) Mr. Bobo does not recall ever being present in Illinois in connection with any business activity. (*Id*. at ¶ 10.) Therefore, because Mr. Bobo's sporadic pleasure trips to Illinois are barely a personal connection to the state much less "continuous and systematic general business contacts," the imposition of general jurisdiction

8

over Mr. Bobo would indeed offend the "traditional notions of fair play and substantial justice." *See Purdue Research Found. v. Sanofi-Synthelabo, S.A*, 338 F.3d 773, 787 (7th Cir. 2003) (finding that a "few visits" to the forum state did not amount to general jurisdiction because the contacts necessary for general jurisdiction "must be so extensive to be tantamount to [the defendant] being constructively present in the state to such a degree that it would be fundamentally fair to require it to answer in [a court in the forum state] in *any* litigation arising out of *any* transaction or occurrence taking place *anywhere* in the world.") (emphases in original).

### 3. The Court Does Not Have Specific Jurisdiction Over Mr. Bobo.

For the Court to have specific jurisdiction over Mr. Bobo: (1) he must have "purposefully directed" his activities toward Illinois residents; (2) Plaintiff's correction of inventorship claim "must arise out of" or "be related to" Mr. Bobo's activities toward Illinois residents; and (3) the assertion of personal jurisdiction must be reasonable and fair under the circumstances. *Akro*, 45 F.3d at 1549. If any one of these requirements is not met, Mr. Bobo's motion to dismiss should be granted. As explained below, none of these requirements is met, and there is no basis for finding specific jurisdiction here.

Mr. Bobo has not "purposefully directed" any activities, much less any inventorship related activities, toward the residents of Illinois. His only contacts with Illinois were a few trips on personal matters, with the last one occurring more than 12 years ago. (Bobo Decl. at ¶ 5.)

His inventorship related activities all occurred in Georgia. Mr. Bobo is the sole named inventor on the Patents-in-Suit. (*Id*. at ¶ 11.) Mr. Bobo conceived of the inventions claimed in the Patents-in-Suit while working in Georgia. (*Id*. at ¶¶ 12-13.) Mr. Bobo retained two different Atlanta, Georgia counsel (i.e., Hopkins and Thomas, and Kilpatrick Stockton, LLP) to submit and prosecute his patent applications before the Patent and Trademark Office. (*Id*. at ¶ 14.) He

9

also built a commercial system practicing his inventions in Georgia. None of his activities relating to his conception, development or reduction-to-practice of the inventions of the Patents-in-Suit is connected in any way to Illinois. (*Id*. at ¶¶ 13, 15.)

Mr. Bobo denies that Ms. Huster made any inventive contribution at all. (*Id*. at ¶ 12.) However, even taking Huster's allegation as true at this pleading stage, they corroborate that none of the acts underlying the events giving rise to her cause of action relates to any activities of Mr. Bobo purposefully directed toward Illinois residents. As mentioned above, all of the events or omissions asserted in the Complaint as giving rise to Huster's claim are alleged to have occurred in Georgia. (Dkt. No. 1, ¶¶ 10-15.) The Bobo Declaration confirms that all of his dealings with Ms. Huster occurred in Georgia. (Bobo Decl. ¶¶ 16, 20.)

While in Atlanta, Mr. Bobo executed the assignment of his interests in the Patents-in-Suit to NetOffice Solutions LLC ("NetOffice Solutions") in December of 1998. NetOffice Solutions is a Georgia limited liability patent holding company. (*Id*. at ¶ 17.) NetOffice's address is the same as Mr. Bobo's Atlanta home address. (*Id*.) Almost six years later, NetOffice Solutions assigned its interested in the Patents-in-Suit to one of j2 Global Communication's sub-entities (a Delaware corporation with an office in California). (*Id*. at ¶ 18.) Thus, because Mr. Bobo's inventorship related activities and his supposed failure to list Plaintiff as an inventor—which are the sole subject of Plaintiff's complaint—did not occur in or have any relation whatsoever to Illinois, the Court does not have specific jurisdiction over Mr. Bobo.

In short, Mr. Bobo has no personal business contacts in Illinois and has not directed any activities toward Illinois residents that relate in any way to Ms. Huster's cause of action. (*Id*. at ¶¶ 19, 20.) It can hardly be considered "reasonable and fair under the circumstances" to assert

personal jurisdiction over Mr. Bobo given his complete absence of any contact with Illinois relating to Plaintiff's correction of inventorship claim.

In *Gummow v. Cole*, Case No. 02-cv-1321, 2002 U.S. Dist. LEXIS 8271 (N.D. IL. May 9, 2002), this Court addressed a factually similar situation when it found that the Court lacked personal jurisdiction over a named inventor/defendant (Cole) in a 35 U.S.C. § 256 correction of inventorship claim.  In *Gummow*, the Court found that Cole, a Texas resident, lacked ties sufficient to establish general jurisdiction in Illinois even though Cole had visited Illinois four years before the suit was filed and sold patent embodying tools here.  *Id*. at \*\*7-8.  The Court also found that it lacked specific jurisdiction over Cole because that putative inventor's (Gummow's) injuries did not arise from Cole's Illinois contacts.  *Id.* at \*\*7-9.  The Court held that, "[a]bsent a causal connection between Cole's contact with Illinois and the basis for Gummow's suit [i.e., the failure to name Gummow as the sole inventor on the patent], the court cannot assert specific jurisdiction over Cole."  *Id*. at \*9.  The same result should follow here because there is no connection between Mr. Bobo's contact with Illinois and Ms. Huster's alleged cause of action to correct inventorship.

## V.  CONCLUSION

For the foregoing reasons, Defendant, Mr. Charles R. Bobo II, respectfully requests that the Court grant Charles R. Bobo II's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) for Lack of Personal Jurisdiction.

Date:  October 28, 2013                    /s/ Timothy P. Maloney

                                                            Timothy P. Maloney
                                                            Jared E. Hedman
                                                            FITCH, EVEN, TABIN & FLANNERY LLP
                                                            120 South LaSalle Street, Suite 1600
                                                            Chicago, Illinois 60603
                                                            Telephone: 312/577-7000
                                                            Facsimile: 312/577-7007

                                                            *Attorneys for Defendant, Charles R. Bobo II*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 28, 2013, a copy of the foregoing **MEMORANDUM IN SUPPORT OF CHARLES R. BOBO II'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) FOR LACK OF PERSONAL JURISDICTION** was caused to be filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system and by personal service to Plaintiff's counsel, Mr. John R. Crossan. Parties may access this filing through the Court's system.

*Parties receiving service electronically are as follows:*

John R. Crossan
CROSSAN INTELLECTUAL PROPERTY LAW, LLC
444 N. Michigan Ave., #2600
Chicago, IL 60611-3903
(312) 670-6860
jrc@crossaniplaw.com
[ATTORNEY FOR PLAINTIFF, PHYLLIS A. HUSTER]

Brian R. England
englandb@sullcrom.com
SULLIVAN & CROMWELL LLP
1888 Century Park East Suite 2100
Los Angeles, CA 90067
(310) 712-6600

William Butler Berndt
berndt@sw.com
Paula Enid Litt
litt@sw.com
SCHOPF & WEISS LLP
One South Wacker Drive 28th Floor
Chicago, IL 60606
(312) 701-9300
[ATTORNEYS FOR DEFENDANTS, J2 GLOBAL COMMUNICATIONS, INC. AND ADVANCED MESSAGING TECHNOLOGIES INC.]

Timothy E. Grochocinski
teg@innovalaw.com
Aaron Ward Purser
apurser@innovalaw.com
INNOVALAW, LLC
1900 Ravinia Place
Orland Park, IL 60462
(314) 853-8146
[ATTORNEYS FOR DEFENDANT, UNIFIED MESSAGING SOLUTIONS, LLC]

Julie Ann Meyer
jameyer@arnstein.com
ARNSTEIN & LEHR, LLP
120 S. Riverside Plaza, Suite 1200
Chicago, IL 60606
(312) 876-6903
[ATTORNEY FOR DEFENDANT, ACACIA PATENT ACQUISITION, LLC]

/s/ Timothy P. Maloney
*One of the Attorneys for Defendant, Charles R. Bobo II*