IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Phyllis A. Huster | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Civil No.: 1:14-CV-03304-ELR |
| J2 Global Communication, Inc., | ) |
| Advanced Messaging Technologies, Inc., | ) |
| Unified Messaging Solutions, LLC, | ) |
| Acacia Patent Acquisition LLC, and | ) |
| Charles R. Bobo II. | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF HUSTER'S RESPONSE IN OPPOSITION TO DEFENDANT BOBO'S MOTION TO DISMISS**

### I.   INTRODUCTION

Defendant's misstates Georgia's fraudulent concealment law and ignores Georgia's tolling statutes. Still further, Defendant cites no authority for the assertion that there must be a contractual relationship for a breach of fiduciary duty to stand. Finally, Plaintiff clearly alleges the agreement between Plaintiff and Bobo to support its breach of contract, breach of private duty, and breach of the duty of good faith and fair dealing claims.

1

## II.   ARGUMENTS AND CITATIONS TO AUTHORITY

### A.   OCGA § 51-6-2(a) clearly supports Plaintiff's fraudulent concealment claim.

Regarding Plaintiff's fraudulent concealment claim, Defendant Bobo argues that "Plaintiff Huster fails to plead with particularity events and statements that give rise to the fraudulent concealment claim." (See ECF No. 137-1 at 8.) Defendant Bobo further argues that "an allegation that Defendant Bobo remained silent" "lack the pleading requirement that 'precise statements, documents or misrepresentations' be made." (Id. at 7.)

Defendant Bobo's entire argument is based on a misstatement of Georgia law. "'***Mere concealment*** of a material fact [if] done in such a manner as to deceive and mislead ***will . . . support an action' for fraud***." ASC Const. Equip. v. City Commercial Estate, 693 S.E.2d 559 at n.7 (Ga. Ct. App. 2010)(citing OCGA § 51-6-2(a)); see also, Tower Financial Services v. Jarrett, 199 Ga. App. 248, 250 (1991)("Fraud may exist as much in intentional concealment of material facts, as in false statements in regard to facts. One is as fraudulent as the other, if it is used as a means of deceiving the opposite party.").

In ASC Const. Equip., the Georgia Court of Appeals held that "*[s]uppression of a material fact* which a party is under an obligation to communicate constitutes fraud." 693 S.E.2d at 565.

The Georgia Court of Appeals further held that "[t]he obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." Id. (citing OCGA § 23-2-53 and OCGA § 51-6-2(a)).

Still further, the Georgia Court of Appeals held that "whether the particular circumstances of a case give rise to an obligation to disclose ***will generally be a jury question***." Id. (citing Eason Publications v. Nations-Bank, 217 Ga.App. 726, 730(3), 458 S.E.2d 899 (1995)).

Finally, the Georgia Court of Appeals held that "[b]ecause fraud is inherently subtle, ***'[f]raud may be proved by slight circumstances, and whether a misrepresentation is fraudulent and intended to deceive is generally a jury question.*'" Id. (citing BTL COM v. Vachon, 278 Ga.App. 256, 261(1), 628 S.E.2d 690 (2006)).

Accordingly, because Plaintiff claim is a fraudulent *concealment* claim, there are no "*statements* that give rise to the fraudulent concealment claim" (see ECF No. 137-1 at 7); instead, there is a *suppression of statements* that is the basis of Plaintiff's fraudulent concealment claim.

Regarding the concealed material facts, Plaintiff alleges:

> Mr. Bobo fraudulently concealed to Ms. Huster the fact that he filed the patent applications for the patents-in-suit, listing

3

> himself as sole inventor and omitted Ms. Huster as an inventor. Mr. Bobo fraudulently concealed these facts with the intent to deceive and mislead Ms. Huster into thinking that no patent applications were filed for her inventions and to prevent Ms. Huster from seeking to be named as the sole or joint inventor of the patents-in-suit.

(See ECF No. 128 at ¶ 44.)

Accordingly, contrary to Defendant's contentions (see ECF No. 137-1 at 7), Plaintiff did "plead with particularity events . . . that give rise to the fraudulent concealment claim."

Plaintiff further alleges:

> Based on Ms. Huster and Mr. Bobo's relationship Mr. Bobo had a duty to Ms. Huster. Ms. Huster trusted Mr. Bobo and reasonably relied on his silence regarding any patent application for her inventions. Ms. Huster relied on Ms. Bobo's silence that no patent applications or patents existed for her inventions.

(See ECF No. 128 at ¶ 46; see also ECF No. 128 at ¶¶ 15-19).

Under Georgia law, Defendant Bobo's concealment of the fact that he filed the patent applications for the patents-in-suit, listing himself as sole inventor and omitted Ms. Huster as an inventor clearly constitutes fraud. Accordingly, Plaintiff Plaintiff's complaint pleads fact that would support a fraudulent concealment claim.

**B.     Plaintiff fraudulent concealment claim is not time barred.**

Defendant Bobo argues that "Plaintiff Huster's count for fraudulent concealment is barred by the applicable statute of limitations." (See ECF No. 137-1 at 8.)  However, the Georgia Court of Appeals has held that ***"[t]he sun never sets on fraud***."  See Goldston v. Bank of America Corp., 577 S.E.2d 864, 868 (Ga. Ct. App. 2003).  In Goldston, the Georgia Court of Appeals held:

> ***If a defendant is guilty of a fraud*** by which the plaintiff has been debarred or deterred from bringing an action, ***the period of limitation shall run only from the time of the plaintiff's discovery of the fraud***.

Id. (citing OCGA § 9-3-96)(internal quotation omitted).  The Georgia Court of Appeals explained:

> This Code section has been strictly construed to require (1) actual fraud involving moral turpitude, or (2) a fraudulent breach of a duty to disclose that exists because of a relationship of trust and confidence.  In that regard, **where a confidential relationship exists, as here, such relationship lessens the plaintiff's obligation to discover the fraud and also heightens the duty of the defendant to disclose what should be revealed**.
>
>    In cases of aa confidential relationship, silence when one should speak, or failure to disclose what ought to be disclosed, is as much a fraud in law as is an actual false representation.

Id. (internal quotations omitted)(internal citations omitted).

5

Plaintiff asserts that Defendant Bobo and Plaintiff had a business relationship involving the invention that is now the patents-in-suit, that Plaintiff was a shareholder in Defendant Bobo's business, and that she trusted Defendant Bobo because of these relationships. (See ECF No. 128 at ¶¶ 15-19, 46.)

Because of the relationship of trust and confidence between Plaintiff and Defendant Bobo and because of Defendant Bobo's fraud, the period of limitation only began running from the time of Plaintiff's discovery of the fraud. Plaintiff discovered the fraud in March 2010 (see ECF No. 128 at ¶ 29). Unlike Defendant contends, "A four-year statute of limitation governs actions for fraud." See Paul v. Destito, 550 S.E.2d 739, 745-746 (Ga: Ct. App. 2001). Plaintiff filed the present suit, within the statute of limitation once Plaintiff discovered the fraud.

Defendant argues that "Huster's allegation that she was unaware of the concealment until March of 2010 is without merit, in fact Huster directly states she was aware of the alleged 'silence' of Defendant Bobo in the year 1994. (CAC ¶¶ 23, 29, 44.)" (See ECF No. 137-1 at 8.) However, in a motion to dismiss, Plaintiff's contentions are taken as truth and Plaintiff's complaint at paragraphs 23, 29, and 44 under no stretch states that Plaintiff was aware of Defendant Bobo's concealment that he filed for patent applications for Plaintiff invention and did not

6

name her in 1994.  As Plaintiff alleges, she did not discover the fraud until after March 2010 (see ECF No. 128 at ¶29).

Furthermore, Defendant's argument (see ECF No. 137-1 at 9) that "Huster, being of sound mind and technologicaly (sic) savvy could have easily conducted a curosory (sic) Internet search for the named inventor Charles Bobo on any number of search sites that would have notified her of the filing" is not persuasive in view of Goldston.  See 577 S.E.2d at 868 (Ga. Ct. App. 2003)("**where a confidential relationship exists, as here, such relationship lessens the plaintiff's obligation to discover the fraud and also heightens the duty of the defendant to disclose what should be revealed**.")

Furthermore, citing the United States Patent and Trademark Office website, 35 U.S.C. 111, and 37 C.F.R. 1.211, Defendant argues that Plaintiff could have "conducted a curosory (sic) Internet search for the named inventor Charles Bobo on any number of search sites." (See ECF No. 137-1 at 9.)  However, being "technologicaly (sic) savvy" does not equate to being a lawyer.  Furthermore, Plaintiff alleges that "[s]he trusted her counsel and Mr. Bobo to keep her informed of any filings and issuance of patent rights and did not suspect that her interests in the fax to Internet invention had in fact been usurped by Mr. Bobo via the counsel that she had obtained.  Rather, she reasonably concluded from the silence from Mr.

Bobo and from her counsel that any patent application activity had ceased; she therefore had no reason or obligation to investigate further." (See ECF No. 128 at at ¶23.)

**C. Plaintiff complaint pleads fact that would support Plaintiff's breach of fiduciary duty, breach of contract, breach of a private duty, and breach of the duty of good faith and fair dealing.**

With respect to Plaintiff's breach of fiduciary duty claim, Defendant Bobo argues that "Plaintiff Huster has failed to identify a contractual relationship existed between her and Defendant Bobo." However, Defendant Bobo cites to no authority that there must be a contractual relationship for the breach of fiduciary duty to stand. In fact, "[A] claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary duty; (2) breach of that duty; and (3) damage proximately caused by the breach." See Bienert v. Dickerson, 624 S.E.2d 245, 248 (Ga. Ct. App. 2005).

In Bienert, the Georgia Court of Appeals held:

> OCGA § 23-2-58 provides:
>
> Any relationship shall be deemed confidential, whether arising from nature, created by law, or resulting from contracts, where one party is so situated as to exercise a controlling influence over the will, conduct, and interest of another or where, from a similar relationship of mutual confidence, the law requires the utmost good faith, such as the relationship between partners, principal and agent, etc.

8

> "When a fiduciary or confidential relationship is not created by law or contract, we must examine the facts of a particular case to determine if such a relationship exists." Yarbrough v. Kirkland.[10] Because a confidential 249*249 relationship may be found whenever one party is justified in reposing confidence in another, the existence of a confidential or fiduciary relationship is generally a factual matter for the jury to resolve. Id.; Howard v. Barron.[11]

Plaintiff asserts that Defendant Bobo and Plaintiff had a business relationship involving the invention that is now the patents-in-suit, that Plaintiff was a shareholder in Defendant Bobo's business, and that she trusted Defendant Bobo because of these relationships. (See ECF No. 128 at ¶¶ 15-19, 46; see also, ECF No. 128 at ¶¶ 49-53.)

Accordingly, Plaintiff's complaint pleads fact that would support a breach of fiduciary duty claim.

Regarding Plaintiff's breach of contract and breach of the duty of good faith and fair dealing, Defendant merely alleges that "Huster fails to apprise Bobo of what the 'agreement' actually entails" (See ECF No. 137-1 at 10-11.) However, Plaintiff clearly alleges an agreement. (See ECF No. 128 at ¶¶ 18-19 (in exchange for the parties mutual efforts, "[I]t was agreed that [Ms. Huster] and Mr. Bobo would be named as co-inventors in the patent filing").) Accordingly, Plaintiff's complaint pleads fact that would support a breach of contract and breach of the duty of good faith and fair dealing claim. See also OCGA 51-1-8 ("Private duties

9

may arise from statute or from relations created by contract, express or implied. The violation of a private duty, accompanied by damage, shall give a right of action.")

Futhermore, for the reasons set forth in section B above, because of the relationship of trust and confidence between Plaintiff and Defendant Bobo and because of Defendant Bobo's fraud, the period of limitation for Plaintiff's breach of fiduciary duty, breach of contract, breach of a private duty, and breach of the duty of good faith and fair dealing only began running from the time of Plaintiff's discovery of the fraud. Accordingly, Plaintiff's claims are timely.

### III.   CONCLUSION

For the above reasons, Defendant Bobo's motion to dismiss should be denied.

Respectfully submitted this 6th day of April, 2015.

/s/ Charlena Thorpe
Charlena L. Thorpe
Georgia Bar No. 760954
charlena.thorpe@charlenathorpe.com
THE LAW OFFICE OF CHARLENA THORPE, INC.
2180 Satellite Boulevard
Suite 400
Duluth, GA 30097
Tel: 770-239-1642
Fax: 888-898-3784

*Attorney for Plaintiff*

**Counsel certifies that the brief has been prepared with one of the font and point selections approved by the court in LR 5.1C

I certify that I have served **PLAINTIFF HUSTER'S RESPONSE IN OPPOSITION TO DEFENDANT BOBO'S MOTION TO DISMISS** via the Court's CM/ECF system on the date below, to opposing counsel of record.

Dated: April 6, 2015       By: /s/ Charlena Thorpe
                           Charlena Thorpe