IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Phyllis A. Huster | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) ) ) Civil No.: 1:14-CV-03304-ELR |
| J2 Global Communication, Inc., Advanced Messaging Technologies, Inc., Unified Messaging Solutions, LLC, Acacia Patent Acquisition LLC, and Charles R. Bobo II. | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

### PLAINTIFF HUSTER'S RESPONSE IN OPPOSITION JOINT MOTION TO DISMISS

Defendants argue that "Huster lacks standing to assert a section 256 claim because she has no economic interest in the patents-in-suit." (See ECF No. 135-1 at 14-15.)

However, the Federal Circuit has held that:

> **We conclude that an expectation of ownership of a patent is not a prerequisite for a putative inventor to possess standing to sue to correct inventorship under § 256.** The statute imposes no requirement of potential ownership in the patent on those seeking to invoke it. We have previously interpreted § 256 broadly as a "savings provision" to prevent patent rights from being extinguished simply because the inventors are not correctly listed. Pannu v. Iolab Corp., 155

1

> F.3d 1344, 1349, 47 USPQ2d 1657, 1662 (Fed.Cir. 1998). The same considerations apply here. **Chou should have the right to assert her interest, <u>both for her own benefit</u> and <u>in the public interest of assuring correct inventorship designations on patents.</u>** The interest of both inventors and the public are thus served by a broad interpretation of the statute.

See <u>Chou v. University of Chicago</u>, 254 F. 3d 1347, 1358 (Fed. Cir. 2001). The Federal Circuit in Chou also held that reputational interest alone may be enough to satisfy the requirements of Article III standing. <u>Id.</u> at 1359 ("After all, being considered an inventor of important subject matter is a mark of success in one's field, comparable to being an author of an important scientific paper. Pecuniary consequences may well flow from being designated as an inventor. However, we need not decide that issue because Chou has alleged a concrete financial interest in the patent, albeit an interest less than ownership."). Accordingly, Defendants' argument is not persuasive.

Defendants argue argues Plaintiff claims should be barred by laches and that various claim are time barred. However, Georgia law has addressed this argument when there is fraud. However, the Georgia Court of Appeals has held that ***"[t]he sun never sets on fraud***." <u>See</u> <u>Goldston v. Bank of America Corp.</u>, 577 S.E.2d 864, 868 (Ga. Ct. App. 2003). In <u>Goldston</u>, the Georgia Court of Appeals held:

> <u>***If a defendant is guilty of a fraud***</u> by which the plaintiff has been debarred or deterred from bringing an action, ***the period***

2

> *of limitation shall run only from the time of the plaintiff's discovery of the fraud*.

Id. (citing OCGA § 9-3-96)(internal quotation omitted).  The Georgia Court of Appeals explained:

> This Code section has been strictly construed to require (1) actual fraud involving moral turpitude, or (2) a fraudulent breach of a duty to disclose that exists because of a relationship of trust and confidence.  In that regard, **where a confidential relationship exists, as here, such relationship lessens the plaintiff's obligation to discover the fraud and also heightens the duty of the defendant to disclose what should be revealed**.
>
> In cases of aa confidential relationship, silence when one should speak, or failure to disclose what ought to be disclosed, is as much a fraud in law as is an actual false representation.

Id. (internal quotations omitted)(internal citations omitted).

Plaintiff asserts that Defendant Bobo and Plaintiff had a business relationship involving the invention that is now the patents-in-suit, that Plaintiff was a shareholder in Defendant Bobo's business, and that she trusted Defendant Bobo because of these relationships. (See ECF No. 128 at ¶¶ 15-19, 46.)

Because of the relationship of trust and confidence between Plaintiff and Defendant Bobo and because of Defendant Bobo's fraud, the period of limitation only began running from the time of Plaintiff's discovery of the fraud.  Plaintiff discovered the fraud in March 2010 (see ECF No. 128 at ¶ 29).

Plaintiff further incorporates its response set forth in ECF No. 147 regarding Plaintiff's lack of knowledge regarding Defendants' concealment.

Plaintiff also alleges that there is no unjust enrichment against the noninventor defendants. Plaintiff complaint alleges an unjust enrichment and conversion claims against the noninventor inventors as they continued to derive an economic benefit from the patents and assert dominion over the patent after knowledge of Plaintiff's inventorship claims.

## I.   CONCLUSION

For the above reasons, Defendant joint motion to dismiss should be denied.

Respectfully submitted this 6th day of April, 2015.

> /s/ Charlena Thorpe
> Charlena L. Thorpe
> Georgia Bar No. 760954
> charlena.thorpe@charlenathorpe.com
> THE LAW OFFICE OF CHARLENA THORPE, INC.
> 2180 Satellite Boulevard
> Suite 400
> Duluth, GA 30097
> Tel: 770-239-1642
> Fax:  888-898-3784
>
> *Attorney for Plaintiff*

**Counsel certifies that the brief has been prepared with one of the font and point selections approved by the court in LR 5.1C

I certify that I have served **PLAINTIFF HUSTER'S RESPONSE IN OPPOSITION JOINT MOTION TO DISMISS** via the Court's CM/ECF system on the date below, to opposing counsel of record.

Dated: April 6, 2015          By: /s/ Charlena Thorpe
                                  Charlena Thorpe