# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Phyllis A. Huster | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Civil No.: 1:14-CV-03304-ELR |
| J2 Global Communication, Inc., | ) |
| Advanced Messaging Technologies, Inc., | ) |
| Unified Messaging Solutions, LLC, | ) |
| Acacia Patent Acquisition LLC, and | ) |
| Charles R. Bobo II. | ) |
| | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF HUSTER'S RESPONSE IN OPPOSITION TO DEFENDANT ACACIA'S MOTION TO DISMISS

Plaintiff incorporates by references her response (see ECF. No. 148) to J2's motion to dismiss J2 (see ECF No. 134).

As argued in ECF No. 148, the Federal Circuit has held that "parties with an **economic stake** in a patent's validity may be subject to a § 256 suit." See Chou v. University of Chicago, 254 F. 3d 1347, 1359 (Fed. Cir. 2001). In Chou, the Federal Circuit considered "stock benefits" to satisfy the economic stake requirement. Id. ("Roizman similarly receives . . . stock benefits from those patents . . . . All of those benefits would be jeopardized by a determination that the patents

1

are invalid for improper inventorship"). Accordingly, the Federal Circuit interprets "economic stake" broadly.

As argued in ECF No. 148, at this stage, it would improper to dismiss count 1 against Acacia. In considering a Rule 12(b)(6) motion, the Court construes the pleading in the non-movant's favor and accepts the allegations of facts therein as true. See, e.g., Stroman v. Bank of America Corp., 852 F. Supp. 2d 1366, 1370 (N.D.Ga. 2012). Plaintiff has properly pled the relationship between the parties and that "[o]n information and belief, **each of Defendants derive income from one or more of the patents-in-suit**." (See ECF No. 128 at ¶8.) That is, Acacia (as well as J2) derives a stock benefits and on information and belief other income from the patents-at-issue.

Furthermore, Acacia argues that it could not bring a patent infringement action to support that Plaintiff cannot bring the present action against Acacia. (See ECF No. 136-1 at 6-8.) However, a patent infringement claim is not analogous to an inventorship claim; thus, the cases cited by Acacia are inapposite. Standing in a correction of inventorship case is broader. In a correction of inventorship case, patent ownership or exclusive licensee is not the standard; instead, the question in a correction of inventorship case is whether defendant has an economic stake in the

patent.  <u>Chou</u>, 254 F. 3d at 1359.  Plaintiff complaint alleges an economic stake by Acacia.

Accordingly, Plaintiff's complaint support a § 256 suit against Acacia.  For the above reasons, Defendant Acacia's motion to dismiss should be denied.

Respectfully submitted this 7th day of April, 2015.

        /s/ Charlena Thorpe
        Charlena L. Thorpe
        Georgia Bar No. 760954
        charlena.thorpe@charlenathorpe.com
        THE LAW OFFICE OF CHARLENA THORPE, INC.
        2180 Satellite Boulevard
        Suite 400
        Duluth, GA 30097
        Tel: 770-239-1642
        Fax:  888-898-3784

        *Attorney for Plaintiff*

**Counsel certifies that the brief has been prepared with one of the font and point selections approved by the court in LR 5.1C

I certify that I have served PLAINTIFF HUSTER'S RESPONSE IN OPPOSITION TO DEFENDANT ACACIA'S MOTION TO DISMISS via the Court's CM/ECF system on the date below, to opposing counsel of record.

Dated: April 7, 2015       By: /s/ Charlena Thorpe
                                   Charlena Thorpe