# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

Phyllis A. Huster,                )
                                  )
                    Plaintiff,    )     No. 14-cv-03304-ELR
                                  )
          v.                      )
                                  )     Hon. Eleanor L. Ross
j2 Global Communication, Inc.,    )
Advanced Messaging               )
Technologies, Inc., Unified      )
Messaging Solutions, LLC, Acacia )
Patent Acquisition LLC, and      )
Charles R. Bobo II,              )
                                  )
                    Defendants.   )
                                  )

## j2 CLOUD SERVICES, INC. AND ADVANCED MESSAGING TECHNOLOGIES, INC.'S RESPONSE TO PLAINTIFF'S <u>MOTION TO DISQUALIFY</u>

Defendants j2 Cloud Services, Inc. and Advanced Messaging Technologies, Inc. (together, "j2") respectfully submit this Response to Plaintiff Phyllis Huster's ("Plaintiff") Emergency Motion to Disqualify Defendants' Counsel.  j2 is concurrently submitting, along with the other Defendants whose counsel Plaintiff seeks to disqualify, a Joint Response setting forth why Thomas Horstemeyer should not be disqualified.[1]  Thomas Horstemeyer is acting as local counsel for j2 and two other defendants.  j2 submits this separate Response to demonstrate why, even if the Court were to find that Thomas Horstemeyer has a conflict of interest, there is no basis to disqualify j2's lead counsel, Sullivan & Cromwell LLP ("S&C").

## **INTRODUCTION**

Plaintiff does not assert that S&C, or any current or former S&C attorney, ever represented her.  Instead, Plaintiff asks the Court to disqualify S&C and several other law firms based upon her alleged relationship with a *different* law firm, Hopkins & Thomas ("H&T"), twenty years ago, based on an assumption-filled, four-step imputation-upon-imputation theory.  Specifically, Plaintiff asks this Court to (1) find that Plaintiff was personally represented by Collen Beard

---

[1]      j2 incorporates by reference the facts and arguments set forth in the Defendants' Joint Response to the Motion to Disqualify filed concurrently herewith.

and/or Geoff Sutcliffe of H&T in 1995, and therefore that Ms. Beard and Mr.

Sutcliffe would have a conflict of interest if they were to represent Defendants;

(2) impute Mr. Sutcliffe's and Ms. Beard's purported conflict to George Thomas,

who at the time was a partner of H&T but was completely uninvolved in the

representation; (3) impute Mr. Thomas' already-imputed conflict to Dan Gresham,

Eric Maurer and Wesley Roberts, the three Thomas Horstemeyer lawyers who

(unlike Mr. Thomas, who has never had the slightest involvement in this action)

are directly representing Defendants in this case as local counsel; and (4) impute

Mr. Gresham, Mr. Maurer and Mr. Roberts' already-twice-imputed conflict to

S&C and the other law firms who have associated with Thomas Horstemeyer in

defending the case.

        As Defendants demonstrate in their Joint Opposition, there is no legal

or factual support for the first step, because Ms. Beard and Mr. Sutcliffe

represented NetOffice rather than Plaintiff personally, or the third step, because

there is no evidence whatsoever that Mr. Thomas ever obtained confidential

information regarding Plaintiff from Mr. Sutcliffe or Ms. Beard.  And for the

reasons set forth below, Plaintiff's triple-imputation theory fails at the final step as

well.  There is no basis to disqualify S&C based upon any supposed conflict that

Mr. Thomas—who works in a different law firm and who no one at S&C involved in this case has ever met—may have.

First, the Fifth Circuit, in a decision that is binding on this Court,[2] ruled that an imputed conflict cannot be re-imputed to an attorney at a different law firm. *Am. Can Co.* v. *Citrus Feed Co.* 436 F.2d 1125, 1126-27 (5th Cir. 1971). Because Plaintiff can only claim that Mr. Gresham, Mr. Maurer and Mr. Roberts have an imputed conflict from Mr. Thomas, under *American Can* S&C cannot be disqualified as a matter of law.  Indeed, Plaintiff's argument amounts to a rule of *per se* disqualification of firms whenever co-counsel is disqualified.  Courts have expressly rejected such a rule.  *See, e.g.*, *Dodson* v. *Floyd*, 529 F. Supp. 1056, 1066 (N.D. Ga. 1981) ("[C]ourts have abjured a per se approach to the disqualification of co-counsel of disqualified counsel and should not presume disclosures of confidences by the disqualified former counsel where no attorney-client relationship has ever existed between the moving party and co-counsel to the disqualified attorney.")  Absent *per se* disqualification, there is no basis to disqualify S&C because Mr. Thomas has neither participated in this case nor ever spoken with any S&C attorney involved with this litigation.  (Declaration of George Thomas ¶¶ 13-14.)

---

[2]     Fifth Circuit cases decided before October 1, 1981 are binding on this Court. *Bonner* v. *City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc)

*Second*, Plaintiff's reliance on Georgia Rule of Professional Conduct 1.10 and Comment 1 to argue that S&C and Thomas Horstemeyer should be treated as a single firm is misplaced.  Instead, Rule 1.10 provides a flexible definition of a "firm" in order to reach attorneys in organizations that do not fit the traditional definition of a law firm, such as corporate legal departments, non-profit legal organizations or government agencies.  *See, e.g.*, *In re Formal Advisory Op. 10-1*, 293 Ga. 397 (2013).  The Rule is not intended to impute conflicts between private firms and has never been applied as Plaintiff advocates.  The Motion should be denied as to S&C.

## **ARGUMENT**

On the final two pages of her Motion, Plaintiff argues that "George Thomas's conflict should also be imputed to [Thomas Horstemeyer's] co-counsel," including S&C.  (Mot. at 13.)  Plaintiff fails to state any factual support for this sweeping request, and provides no legal analysis other than a single block quote of Comment 1 to Rule 1.10 of the Georgia Rules of Professional Conduct, and the conclusory and incorrect statement that "Thomas Horstemeyer and its co-counsel should be considered a firm."  Because Plaintiff bears the burden of proving the grounds for disqualification, *Herrmann* v. *Gutterguard, Inc.*, 199 Fed. App'x 745, 752 (11th Cir. 2006), the complete absence of substantive factual support or legal

analysis is by itself enough to deny her request to disqualify S&C.  However, to the extent the Court chooses to consider her request, it should be rejected.

I.     **There Is No Allegation S&C Received Plaintiff's Confidential Information and Therefore Disqualification of S&C Is Impermissible Under Binding Precedent.**

Plaintiff does not allege, much less present any evidence, that S&C actually obtained Plaintiff's confidential information from Mr. Thomas, the source of the alleged conflict.  Nor could she—Mr. Thomas has not participated in this litigation in any way and has never spoken about it with anyone at S&C.  (Thomas Decl. ¶¶ 13-14.)  In the absence of *any* direct link between Mr. Thomas and S&C, Plaintiff apparently is asking this Court to find that Mr. Thomas' alleged conflict should be imputed to S&C based on a *per se* rule that *all* co-counsel should be disqualified whenever *any* co-counsel is disqualified.  But courts in this and other circuits have repeatedly and explicitly rejected a rule requiring the *per se* disqualification of counsel.  *See Brennan's Inc.* v. *Brennan's Restaurants, Inc.*, 590 F.2d 168 (5th Cir. 1979); *Dodson*, 529 F. Supp. at 1066 ("[C]ourts have abjured a per se approach to the disqualification of co-counsel of disqualified counsel and should not presume disclosures of confidences by the disqualified former counsel where no attorney-client relationship has ever existed between the moving party and co-counsel to the disqualified attorney."); *Estate of Jones ex rel. Gay* v.

*Beverly Health & Rehabilitation Servs., Inc.*, 68 F. Supp. 2d 1304 (N.D. Fla. 1999)

("The fact that the two firms have associated as co-counsel does not itself establish

that their relationship is so close as to impute disqualification."); *Smith* v.

*Whatcott*, 774 F.2d 1032, 1034-35 (10th Cir. 1985) (adopting a similar rule);

*Akerly* v. *Red Barn Sys.*, *Inc.*, 551 F.2d 539, 543 (3d Cir. 1977) (same).

In *American Can Co.* v. *Citrus Feed Co.*, the Fifth Circuit reversed a

ruling based on the exact same "double imputation" theory that Plaintiff relies on

in her Motion.  436 F.2d 1125, 1126-27 (5th Cir. 1971).  The Fifth Circuit

described the underlying District Court decision as follows:

> "[T]he judge initially imputed to Allison the knowledge
> of his partner in the firm of MacFarlane, Ferguson,
> Allison & Kelly who had handled a tax matter for some
> of the defendants in the instant case, and then imputed
> Allison's imputed knowledge to a member of the
> Covington firm who had consulted with Allison in regard
> to this controversy—to disqualify the Covington firm."

*Am. Can Co.,* 436 F.2d at 1126-27.

The Fifth Circuit reversed and held that where firms are merely co-

counsel "each responsible to and compensated by [the client]," rather than

employees or partners in a single firm, a conflict imputed to a partner in one firm

cannot be re-imputed to attorneys at the other firm.  *Id.* at 1129.  Otherwise,

"imputation and consequent disqualification could continue ad infinitum."  *Id.*

*American Can*'s fact pattern mirrors the facts of this case.  Plaintiff seeks to impute Mr. Thomas' alleged conflict to other members of his current firm, namely Mr. Gresham, Mr. Maurer and Mr. Roberts, and then impute their imputed conflict to S&C.  *American Can*'s holding expressly forecloses disqualification on this basis and requires denial of the motion as to S&C.

Moreover, disqualification of S&C would be particularly inappropriate because any allegedly confidential information exchanged between Plaintiff and H&T twenty years ago has either already been voluntarily disclosed by Plaintiff or would be discoverable in this action.  In *Brennan's Inc.* v. *Brennan's Restaurants, Inc.*, 590 F.2d 168 (5th Cir. 1979), the Fifth Circuit addressed a similar situation and remarked that although an attorney who had jointly represented the plaintiff and the defendant in a prior matter should be disqualified, the attorney's current co-counsel (who had no such prior relationship) should not be disqualified based solely on his status as co-counsel.  *Id.* at 171, 173. The Court explained that if the primary attorney jointly represented the plaintiff and the defendant, there "can be no 'confidences' or 'secrets' between the parties." *Id.* at 173.  Therefore, the Court determined that co-counsel should not be disqualified solely because he was co-counsel, especially where the disqualified

lawyer only possessed knowledge that could be obtained through discovery anyway.  *Id.* at 173-74.

As in *Brennan's*, to the extent Plaintiff's communications with H&T are relevant, Defendants will be able to obtain information about them in discovery because H&T (at most) jointly represented Plaintiff and NetOffice.  (*See* Joint Response at 24-25.)  Moreover, Plaintiff voluntarily waived any privilege she may have had over those communications by testifying about them in a past deposition where she was represented by counsel and was warned that she was waiving the attorney-client privilege.  (*Id.*)  S&C cannot be disqualified to prevent it from gaining access to supposedly confidential information that it has the ability to obtain anyway.  *Brennan's Inc.*, 590 F.2d at 173-74.

## II.  Co-Counsel Are Not A Single "Firm" Under Georgia Rule of Professional Conduct 1.10

Ignoring the foregoing authority, Plaintiff relies solely on Rule 1.10 and Comment 1, erroneously claiming that S&C and Thomas Horstemeyer should be considered a single firm.  The comment states that "the term 'firm' includes lawyers in a private firm, and lawyers in the legal department of a corporation or other organization, or in a legal services organization."  Ga. Rules Prof'l Conduct, Rule 1.10 cmt. 1.  The clear intent of this definition is not to facilitate imputing conflicts among separate law firms, but to require lawyers in legal organizations

other than traditional law firms, such as corporate legal departments, non-profit legal organizations, and government agencies, to adhere to conflict of interest rules.  For example, the Georgia Supreme Court recently found that the imputation rules applied to lawyers working in a circuit public defender's office because "each judicial circuit's public defender's office is a 'firm' as the term is used in the rule." *In re Formal Advisory Op. 10-1*, 293 Ga. 397, 398 (2013).

Moreover, the comment lists factors that are relevant to the analysis of whether lawyers should be considered a firm, including the terms of any formal agreement between the lawyers and whether they represent themselves as a single firm to the public.  *Id.*  Plaintiff fails to address these factors, presumably because they do not support her argument.  S&C and Thomas Horstemeyer are not a single firm—they do not share office space, do not share personnel, and do not represent themselves to the public as a single entity (or connected in any way).  Nothing in Rule 1.10 supports the proposition that two firms should be treated as a single firm for purposes of the ethical rules simply because they are co-counsel in a single matter.

Finally, the comment cited by Plaintiff contemplates that the rule permitting a flexible interpretation of a "firm" would not encompass the situation here: "A group of lawyers could be regarded as a firm for purposes of the rule that

the same lawyer should not represent opposing parties in litigation, *while it might not be so regarded for purposes of the rule that information acquired by one lawyer is attributed to the other*." *Id* (emphasis added).  This Court should reject Plaintiff's attempt to extend the rule to disqualify a firm based upon a different firm's alleged conflict.

## **CONCLUSION**

For the foregoing reasons, j2 respectfully requests that the Court deny Plaintiff's motion to disqualify Sullivan & Cromwell LLP.

Dated: April 29, 2015                    Respectfully submitted,

                                           /s/ Dan R. Gresham
                                           Dan R. Gresham (Ga. Bar No. 310280)
                                           Eric G. Maurer (Ga. Bar No. 478199)
                                           Wesley A. Roberts (Ga. Bar No. 867277)

**THOMAS | HORSTEMEYER, LLP**
400 Interstate North Parkway
Suite 1500
Atlanta, Georgia 30339
Telephone: (770) 933-9500
Facsimile: (770) 951-0933
dan.gresham@thomashorstemeyer.com

*Attorneys for Defendants j2 Cloud Services,*
*Inc., Advanced Messaging Technologies,*
*Inc., Unified Messaging Solutions, LLC, and*
*Acacia Research Group, LLC*

Robert A. Sacks (*pro hac vice*)
Brian R. England (*pro hac vice*)
Edward E. Johnson (*pro hac vice*)
SULLIVAN & CROMWELL LLP
1888 Century Park East, Suite 2100
Los Angeles, California  90067
Telephone:  (310) 712-6600
Facsimile:  (310) 712-8800
sacksr@sullcrom.com
englandb@sullcrom.com
johnsonee@sullcrom.com

*Attorneys for Defendants j2 Cloud Services,*
*Inc. and Advanced Messaging*
*Technologies, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| Phyllis A. Huster, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>j2 Global Communication, Inc., )<br>Advanced Messaging )<br>Technologies, Inc., Unified )<br>Messaging Solutions, LLC, Acacia )<br>Patent Acquisition LLC, and )<br>Charles R. Bobo II, )<br>)<br>Defendants. )<br>) | No. 14-cv-03304-ELR<br><br>Hon. Eleanor L. Ross |

### CERTIFICATE OF SERVICE

I hereby certify that on this date a true and correct copy of the foregoing j2 CLOUD SERVICES, INC. AND ADVANCED MESSAGING TECHNOLOGIES, INC.'S RESPONSE TO PLAINTIFF'S MOTION TO DISQUALIFY was filed electronically with the Court using the CM/ECF system on April 29, 2015, which filing will automatically provide electronic service of same to all counsel of record.

/s/ Dan R. Gresham